UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA ERLER, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:14-cv-931 (JCH) |
| ) | |
| GRAHAM PACKAGING, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Graham Packaging Company, L.P.'s ("GPC") Motion to Dismiss, (ECF No. 19), and Defendant District 9, International Association of Machinists and Aerospace Workers' ("District 9") Motion to Dismiss or Alternatively, for Summary Judgment. (ECF No. 14).[1] Both motions have been fully briefed and are ready for disposition.

## BACKGROUND

Plaintiffs initiated this action by filing a Complaint with this Court on May 15, 2014. (Complaint, ECF No. 1). According to their Complaint, the Plaintiffs worked "at the Berkeley, Missouri plant of Graham Packaging involved in the manufacture of plastic containers . . . ." (Complaint ¶ 22). "On or about May 23, 2013, the Plaintiffs were notified that they were being placed on layoff due to a reduction in force at the Graham Packaging Company Berkeley, Missouri plant." *Id.* ¶ 24. GPC told the Plaintiffs they would have recall rights for twelve months following these layoffs, "and the Plaintiffs remained active employees in terms of their rights to

---

[1] The Court declines to treat District 9's motion as one for summary judgment and considers it only as a motion to dismiss.

1

pursue grievances and eligibility for employee benefits." *Id.* "On or about October 2, 2013, Graham Packaging issued a letter to some union workers, but not the plaintiffs, communicating the plant closing of the Berkeley facility in the 4th Quarter of 2013." *Id.* ¶ 27.

Plaintiffs allege that under the controlling collective bargaining agreement ("CBA"), they are entitled to severance benefits, including pay, as a result of the plant closing. (Complaint, ¶¶ 32-33, 43-45). They never received such benefits and therefore filed a grievance with their union, District 9. *Id.* ¶¶ 38, 41. The grievance was denied. *Id.* The Plaintiffs then filed this Complaint, which contains two counts. Count I alleges violation of the CBA by GPC for failure to make severance payments to the Plaintiffs. Count II alleges breach of the duty of fair representation by District 9 based on its processing of the Plaintiffs' grievance.

## **MOTION TO DISMISS STANDARD**

When ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must also "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A Rule 12(b)(6) motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Stated differently, to survive a Rule 12(b)(6) motion, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (citations omitted).

## MATTERS OUTSIDE PLEADINGS

Under Fed. R. Civ. P. 12(d), courts may not consider "matters outside the pleadings" in deciding a Rule 12(b)(6) motion without first converting the motion to one for summary judgment under Fed. R. Civ. P. 56. "Most courts . . . view matters outside the pleading as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (alteration in original) (internal quotation marks omitted). The Court may, however, consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment" *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 f.3d 928, 931 n.3 (8th Cir. 2012)).

While Plaintiffs refer only to the CBA and actions involving it in their Complaint, both Defendants contend that a later-executed severance agreement (the "Severance Agreement"), which District 9 has attached to its Motion, (ECF No. 14-5), amended the CBA and should be considered in determining the adequacy of Plaintiffs' Complaint. (GPC Support Memo, ECF No. 20, at 5; *see* D9 Support Memo, ECF No. 15, at 6). District 9 also suggests that the Court should consider several affidavits that it attached to its Motion. (ECF Nos. 14-1, 14-8, 14-12).

The Severance Agreement and the affidavits are not integral to the Complaint. The allegations in the Complaint relate only to the CBA. The CBA does not reference the Severance Agreement, and the Severance Agreement makes no reference to the CBA. The affidavits simply set forth facts to counter the allegations made in the Complaint. In other words, Defendants have

requested that the Court consider evidence that does nothing more than oppose the allegations in the Complaint. The Severance Agreement and affidavits therefore fall squarely within the definition of matters outside the pleadings, and the Court will not consider them on this Rule 12(b)(6) motion.

## **DISCUSSION**

Defendants have filed separate motions and memoranda in support of those motions. There are three arguments presented to the Court in those filings: (1) that Plaintiffs' Complaint is barred by the applicable statute of limitations; (2) that Plaintiffs have not adequately pleaded breach of contract; and (3) that Plaintiffs have not adequately pleaded breach of the duty of fair representation.

*A. Statute of Limitations*

Both Defendants contend that Plaintiffs' Complaint is time barred. Each Defendant makes a variation of the argument that the limitations period began to run on October 3, 2013, which is the date the Severance Agreement was signed. (D9 Support Memo at 6-7; GPC Support Memo at 6-7). Under this theory, Plaintiffs' May 15, 2014 filing fell outside of the six-month limitation period applicable to Section 301 hybrid actions such as this one. *DelCostello v. Int'l Brotherhood of Teamsters* 462 U.S. 151 (1983). Both Defendants base their contentions on the rule adopted in at least the Fifth and Seventh Circuits that "'causes of action based on entry into collective bargaining agreements accrue when the agreement is signed.'" (GPC Support Memo at 6 (quoting *Zapp v. United Trasp. Union*, 879 F.2d 1439, 1441 (7th Cir. 1989))). Plaintiffs counter these arguments with the assertion that their claims "do not arise from the execution of the Severance Agreement[;]" that they instead arise from District 9's inadequate processing of Plaintiffs' grievance. (Plaintiff Response to D(, ECF No. 25-1, at 6-7).

4

Generally speaking, affirmative defenses such as statutes of limitations must be raised in a responsive pleading and are not appropriate to consider in a motion to dismiss under Rule 12(b)(6). *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011). The Eighth Circuit has, however, recognized a limited exception to this rule. A statute-of-limitations defense may appropriately be raised on a Rule 12(b)(6) motion only if "the complaint itself establishes the defense." *Id.*; *see also C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012) (explaining exception in context of res judicata defense). Therefore, in determining whether an applicable statute of limitations is a basis for dismissal under Rule 12(b)(6), a court may examine only the face of the complaint and matters necessarily embraced by it. *See Lobrano*, 695 F.3d at 763-64.

The only agreement referenced in the Complaint is the CBA, which means the date Defendants signed the Severance Agreement is irrelevant here. Moreover, Plaintiffs' central claim is not that District 9 and GPC acted improperly when they entered into either the CBA or Severance Agreement. It is that District 9 inadequately processed Plaintiffs' grievance. The Complaint mentions no dates relevant to that claim. Thus, at this stage, Defendants have offered no basis to dismiss the Plaintiffs' claims as time-barred.

*B. Breach of the CBA*

Each Defendant contends that Plaintiffs' Complaint does not sufficiently allege breach of the Severance Agreement. (GPC Support Memo at 5-6; DP Support Memo at 14-15). Because the Severance Agreement is a matter outside the pleading, this argument must fail. District 9, however, also contends that Plaintiffs have not sufficiently alleged breach of the CBA. (D9 Support Memo at 15).

Plaintiffs have brought a hybrid action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This means that Plaintiffs have brought an action against their employer, GPC, for breach of the CBA and against their union, District 9, for breach of the duty of fair representation. *See Scott v. United Auto.*, 242 F.3d 837, 839 (8th Cir. 2001). To prevail in this Section 301 hybrid action, Plaintiffs "must prove both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement." *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 186-87 (1967)). Therefore, to survive these motions to dismiss, each count in the Complaint must be plausible on its face.

To state a claim for breach of a collective bargaining agreement, which in essence is a breach-of-contract claim, a plaintiff must sufficiently plead four elements: "(1) a contract between the plaintiff and defendant; (2) rights of the plaintiff and obligations of the defendant under the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1055 (E.D. Mo. 2009). Plaintiffs here have alleged that the CBA was in effect at the time of the events in question; that GPC was obligated under the CBA to make severance payments to the Plaintiffs; and that GPC failed to make those payments. (Complaint ¶¶ 18, 43-46). Plaintiffs have therefore sufficiently pleaded breach of the CBA.

*C. The Duty of Fair Representation*

Finally, District 9 contends that Plaintiffs' Complaint should be dismissed because it insufficiently pleads breach of the duty of fair representation. The basis of District 9's contention is that "the decision not to pursue plaintiffs' grievance was based on its lack of merit and

therefore the improbability of prevailing in arbitration."[2] (D9 Support Memo at 13). According to District 9, the grievance lacked merit because "[i]n order to prevail in arbitration, [District 9] would be required to demonstrate a contractual breach by [GPC]. Here there plainly were [*sic*] none." *Id.* Plaintiffs respond that their Complaint contains numerous factual allegations in support of their claim that District 9 breach its duty of fair representation. (Plaintiff Response to D9 at 8-10).

"A breach of the duty of fair representation by a union occurs only when the union's conduct is 'arbitrary, discriminatory, or in bad faith.'" *Smith v. United Parcel Service*, 96 F.3d 1066, 1068 (8th Cir. 1996) (quoting *Vaca*, 386 U.S. at 190)). "A union's conduct is arbitrary if, considering all the circumstances at the time of the union's action or inaction, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* (internal quotation marks omitted). A union acts in bad faith when it engages in "fraud, deceitful action or dishonest conduct . . ." *Id.* at 1069 (internal quotation marks omitted). A union also breaches its duty of fair representation when it processes a grievance in a perfunctory manner, meaning the union acted "without concern or solicitude, or gave plaintiff's grievance only cursory attention." *Brown v. Trans World Airlines, Inc.*, 746 F.2d 1354, 1357 (8th Cir. 1984); *see also Vaca*, 386 U.S. at 191.

Plaintiffs allege that District 9's business representative failed on numerous occasions to communicate with Plaintiffs; that, prior to receiving Plaintiffs' grievance and investigating the matter, District 9 indicated to Plaintiffs that they would not be receiving severance pay; and that District 9 withheld information from Plaintiffs to which Plaintiffs were entitled under federal

---

[2] District 9 also contends it did not breach its duty of fair representation during the negotiation of the Severance Agreement. Since Plaintiffs make no mention of the negotiation of the Severance Agreement in their Complaint, this contention is irrelevant to the matter at hand.

7

labor law. (Complaint, ¶¶ 27, 31, 34, 35). These allegations are sufficient to support the claim that District 9's handling of their grievance was perfunctory and arbitrary.

Moreover, the only relevant inquiry in deciding a Rule 12(b)(6) motion is whether the face of a plaintiff's complaint contains sufficient facts to support a plausible claim. While District 9 may be correct that there are valid explanations for why it denied Plaintiffs' grievance, those explanations are irrelevant in determining the facial sufficiency of Plaintiffs' Complaint.

Because Plaintiffs have made sufficient allegations to support both counts in their Complaint, Defendants' motions to dismiss must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant District 9's Motion to Dismiss, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Graham Packaging Company, L.P.'s Motion to Dismiss, (ECF No. 19), is **DENIED**.

Dated this 17th day of November, 2014

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE